SCHENCK (POTTER v.). See Case No. 11,-337.

SCHENECTADY & TROY R. CO. (WINANS v.). See Case No. 17,865.

## Case No. 12,452.

### In re SCHEPELER et al.

[3 Ben. 346; [1] 3 N. B. R. 170 (Quarto, 42).]

District Court, S. D. New York. July, 1869.

BANKRUPTCY—NOTICE TO CREDITORS—NEW WARRANT.

Where, on the return day of a warrant in involuntary bankruptcy, proof was made of the publication of notices to the creditors, but not of the service of such notices, and the bankrupts showed that they had not been able to prepare schedules, and asked for further time, which no one opposed, whereupon the register certified the facts to the court, and asked that a new warrant be issued: Held, that the register should have adjourned the meeting of creditors, under sections 42 and 12 of the bankruptcy act [of 1867 (14 Stat. 537, 522)], and directed a new notice to be served; but, as he had not done so, the proceedings had fallen through, and there must be a new warrant.

[Cited in Re Howes, Case No. 6,787.]

In this case, a warrant was issued, returnable July 20th, 1869, and was on that day returned, with proof of due publication of the notices required, but without any proof of service of notices, and the bankrupts [John F. Schepeler, John D. Schepeler, and Leon Rosenplaenter] appeared, and showed by affidavit that they had been unable to prepare the schedules, and moved for further time to prepare them, which no one opposed, whereupon the register certified the facts to the judge, and asked that a new warrant should be issued, returnable at a later day.

By EDGAR KETCHUM, Register:

[I, Edgar Ketchum, one of the registers of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit Mr. John W. Weed, who appeared for the bankrupt, and Mr. Edgar Lo-

gan, who appeared for the creditors of the said bankrupt, that is to say: The warrant was issued by the district judge, dated the 29th day of June, 1869, returnable the 20th day of July, at 12 o'clock, at noon, and was duly returned by the marshal with proof of due publication of the notices required thereby, but without any proof of notice served by mail or personally as therein required. On the return day, at the hour prescribed, the said attorneys appeared, and the attorney for the bankrupt made and filed an affidavit, showing that from the large number of creditors, and the necessary adjustment of numerous and difficult accounts between said bankrupts and creditors, home and foreign, they had been unable to prepare said schedules, and thereon he moved for further time, no one opposing the allowance thereof. Wherefore I respectfully certify these facts to the judge, and ask that a new warrant may be issued by the court, to be returnable in the early part of October next.][2]

[For a subsequent proceeding in this litigation, see Case No. 12,453.]

## Case No. 12,453.

### In re SCHEPELER et al.

[4 Ben. 68.] [1]

District Court, S. D. New York. Feb., 1870.

BANKRUPTCY — RESTRAINING FOREIGN SUIT—PARTIES.

The firm of Bunger, Burlage & Co., composed of partners resident here and one partner resident abroad, had proved a debt in bankruptcy against Schepeler & Co. After the dissolution of Bunger, Burlage & Co., the foreign partner took proceedings abroad, in the name of the firm, to collect the debt, by attaching a claim which Schepeler & Co. had against Lippman & Rosenthal, of Amsterdam, Holland. The assignee in the proceeding against Schepeler & Co. applied to the bankruptcy court, to restrain the foreign proceedings. Held, that Bunger, Burlage & Co. were parties to the bankruptcy proceedings, and that the members of the firm residing here should be restrained from prosecuting the proceedings abroad.

[Cited in Scott v. Ellery, 142 U. S. 381, 12 Sup. Ct. 234.]

[In the matter of John F. Schepeler, John D. Schepeler, and Leon Rosenplaenter, involuntary bankrupts.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [From 3 N. B. R. 170 (Quarto, 42).]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

This was a motion on behalf of William von Sachs, assignee, to restrain certain creditors from prosecuting an action in Holland. The adjudication of bankruptcy was made in June, 1869, and among the debts proved against the estate was one by the firm of Bunger, Burlage & Co., which, on December 31st, 1869, was dissolved. Among the assets, which passed into the hands of the assignee, was a claim against the firm of Lippman & Rosenthal, of Amsterdam, in Holland, which was in litigation in the courts there, but on which judgment had not been recovered. Mr. Bunger, who resided at Cologne, in Prussia, after the dissolution of the firm here, took proceedings in Amsterdam, in the name of the firm, to recover the claim, and attached the claim against Lippman & Rosenthal. The assignee in bankruptcy, on a petition showing these facts, made a motion, on notice to the members of the firm of Bunger, Burlage & Co. who were here, that the firm be restrained from the further prosecution of their attachment proceedings, and be directed to relinquish them, so that the assignee could recover the claim against Lippman & Rosenthal, and that it might be distributed as part of the assets. The objection was taken, in opposition, that, the debt being located in Holland, and the proceedings pending there, this court had no jurisdiction to grant the relief asked, and that the effect of the dissolution of Bunger. Burlage & Co. was to vest in each of its members a specific share of the claim against the bankrupt's estate, and that Bunger, owning a separate share, was entitled to take measures to secure it. by attaching the Lippman claim, it being less than his share of the debt against the bankrupt's estate, which amounted to $50,000, gold, while the Lippman claim was only $12,000.

[For prior proceeding in this litigation, see Case No. 12,452.]

T. C. T. Buckley and J. K. Hill, for the assignee.

A. Mathews, for the creditors.

THE COURT (BLATCHFORD, District Judge) held that, as the firm of Bunger, Burlage & Co. had proved their debt in the bankruptcy case, they were thereby made parties to the proceedings, and, under section 21 of the act [of 1867 (14 Stat. 526)], the members resident here should be restrained from the further prosecution of their proceedings in Holland.